UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEVIN MACLEAN & DONNA MACLEAN | ) ) | Civil Action No.:14-14288 |
| Plaintiffs, | ) ) | |
| v. | ) ) | SECOND AMENDED COMPLAINT |
| WILLIAM FALLON as owner of the M/V NIKKI, and LYNCH'S BOAT MFG INC. | ) ) ) | |
| Defendants. | ) | |

## INTRODUCTION

1. This is an action for maritime personal injuries which occurred on or about August 12, 2013, while the Plaintiffs, Kevin Maclean and Donna Maclean, were passengers aboard the M/V NIKKI, which was owned, operated, chartered, and/or controlled by the Defendant, William Fallon. The Plaintiffs assert a cause of action against each Defendant for personal injuries based upon negligence brought under the General Maritime Law.

## JURISDICTION

2. This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1).

## THE PARTIES

3. The Plaintiff, Kevin Maclean, is an individual and resides at 29 Fieldbrook Drive, Norwood, Massachusetts, 02062.

4. The Plaintiff, Donna Maclean, is an individual and resides at 29 Fieldbrook Drive, Norwood, Massachusetts, 02062.

5. The Defendant, William Fallon is an individual and resides at 37 Reservoir Drive, Danvers, Massachusetts all times hereinafter referred to, owned, operated and/or controlled the M/V NIKKI.

6. The Defendant, Lynch's Boat Mfg, Inc. is a corporation with a corporate address in Arizona.

## FACTUAL ALLEGATIONS

7. On or about August 12, 2013 the Plaintiffs were lawful passengers aboard the vessel owned, operated, controlled or charted by William Fallon for purposes of a lightning speedboat adventure which was operating in navigable waters. The Plaintiffs sustained serious personal injuries while the vessel was underway, operated by the defendant. The vessel lack suitable hand holds/grab bars and encountered foreseeable water turbulence.

8. At the time of the incident, the defendant's vessel failed to negotiate another boat's wake resulting in the Plaintiffs being tossed into the air, coming down onto their seats in the vessel and causing injury to the Plaintiffs because the vessel lacked suitable hand holds/grab bars where the Plaintiffs were sitting.

9. The vessel was not delivered by the manufacturer with hand holds/grab bars in the vicinity of the Plaintiffs' seat locations and Mr. Fallon never equipped the vessel with hand holds/ grab bars during his ownership of the vessel.

10. Upon information and belief, Lynch's Boat Mfg, Inc. failed to install the hand holds/grab bars prior to delivery of the vessel.

11. If the hand holds/grab bars were in place, the injuries to the Plaintiffs would have been diminished or less severe.

## COUNT I

### GENERAL MARITIME LAW- NEGLIGENCE
(Kevin Maclean v. William Fallon)

12. Paragraphs 1-11 are realleged and incorporated herein.

13. The injuries sustained by the Plaintiff were no fault of his own, but were caused by the

negligence of the Defendant in that the Defendant had a duty to operate his vessel in a safe manner and ensure the safety of his passengers as well as make sure the vessel was equipped with hand holds/ grab rails. The Defendant breached that duty causing injuries to the Plaintiff.

14. As a result of the said injuries, the Plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

15. This cause of action is brought for negligence under the General Maritime Law.

## REQUEST FOR RELIEF

1. Under Count I, that this court enter judgment in favor of the Plaintiff against the Defendant.

2. For such other relief as this court deems appropriate.

## COUNT II
### GENERAL MARITIME LAW- NEGLIGENCE
(Donna Maclean v. William Fallon.)

16. Paragraphs 1-15 are realleged and incorporated herein.

17. The injuries sustained by the Plaintiff were no fault of her own, but were caused by the negligence of the Defendant in that the Defendant had a duty to operate his vessel in a safe manner and ensure the safety of his passengers as well as make sure the vessel was equipped with hand holds/ grab rails. The Defendant breached that duty causing injuries to the Plaintiff.

18. As a result of the said injuries, the Plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from her usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at the trial.

19. This cause of action is brought for negligence under the General Maritime Law.

REQUEST FOR RELIEF

1. Under Count II, that this court enter judgment in favor of the Plaintiff against the Defendant.

2. For such other relief as this court deems appropriate.

## COUNT III
### STRICT LIABILITY
(Kevin Maclean v. Lynch's Boat Mfg, Inc.)

20. Paragraphs 1-19 are realleged and incorporated herein.

21. Defendant put the M/V NIKKI in the stream of commerce.

22. Based on information and belief, the boat in question was constructed in a certain manner that was unsafe for the purposes of which it was intended. The vessel was not equipped with the required hand holds/grab bars and as a result the Plaintiffs sustained injuries.

23. The aforementioned defect in the M/V NIKKIwas a cause of the injuries sustained by the Plaintiffs.

24. Defendant, Lynch's Boat Mfg, Inc. is strictly liable for the damage to Plaintiffs caused by the M/V NIKKI.

REQUEST FOR RELIEF

1. Under Count III, that this court enter judgment in favor of the plaintiff against the defendant in the amount of her damages.

2. For such other and further relief as this court deems appropriate.

## COUNT IV
### STRICT LIABILITY
(Donna Maclean v. Lynch's Boat Mfg, Inc.)

25. Paragraphs 1-24 are realleged and incorporated herein.

26. Defendant put the M/V NIKKI in the stream of commerce.

27. Based on information and belief, the boat in question was constructed in a certain manner that was unsafe for the purposes of which it was intended. The vessel was not equipped with the required hand holds/grab bars and as a result the Plaintiffs sustained injuries.

28. The aforementioned defect in the M/V NIKKIwas a cause of the injuries sustained by the Plaintiffs.

29. Defendant, Lynch's Boat Mfg, Inc. is strictly liable for the damage to Plaintiffs caused by the M/V NIKKI.

### REQUEST FOR RELIEF

1. Under Count IV, that this court enter judgment in favor of the plaintiff against the defendant in the amount of her damages.

2. For such other and further relief as this court deems appropriate.

### COUNT V
### BREACH OF EXPRESS WARRANTY
(Kevin Maclean v. Lynch's Boat Mfg, Inc.)

30. Paragraphs 1-29 are realleged and incorporated herein.

31. Defendant, Lynch's Boat Mfg, Inc. expressly warranted that the M/V NIKKI was fit for use on coastal waters, and that it would provide quality, performance in those waters.

32. Defendant, Lynch's Boat Mfg, Inc. breached that warranty by providing a boat that failed to perform on coastal waters and to be reasonably fit for its intended purpose.

33. As a direct and proximate result of Defendant, Lynch's Boat Mfg, Inc.'s breach of warranty, the Plaintiffs sustained serious personal injuries.

## REQUEST FOR RELIEF

1. Under Count V, that this court enter judgment in favor of the plaintiff against the defendant in the amount of her allowable damages.

2. For such other and further relief as this court deems appropriate.

## COUNT VI
### BREACH OF EXPRESS WARRANTY
(Donna Maclean v. Lynch's Boat Mfg, Inc.)

34. Paragraphs 1-33 are realleged and incorporated herein.

35. Defendant, Lynch's Boat Mfg, Inc. expressly warranted that the M/V NIKKI was fit for use on coastal waters, and that it would provide quality, performance in those waters.

36. Defendant, Lynch's Boat Mfg, Inc. breached that warranty by providing a boat that failed to perform on coastal waters and to be reasonably fit for its intended purpose.

37. As a direct and proximate result of Defendant, Lynch's Boat Mfg, Inc.'s breach of warranty, the Plaintiffs sustained serious personal injuries.

## REQUEST FOR RELIEF

1. Under Count VI, that this court enter judgment in favor of the plaintiff against the defendant in the amount of her allowable damages.

2. For such other and further relief as this court deems appropriate.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
For the Plaintiffs,
By their attorney,

/s/ Brian Keane
Brian Keane, B.B.O. No. 656717
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
bkeane@kaplanbond.com

> I *certify* that a true copy of the above document was served upon each attorney of record by ECF on August 7, 2015.
>
> /s/ Brian Keane